Raymond H. PETEREIT, Individually & dba Cinderella Co., Appellant,

*v.*

MID–WEST MARKO, INC., Appellee.

No. 17093.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 23, 1978.

Frank G. Waltermire, Houston, for appellant.

Lapin, Totz & Mayer, James N. Hull, Houston, for appellee.

PEDEN, Justice.

This appeal is from a judgment based on the bulk sales provisions, Chapter 6, of the Texas Business and Commerce Code. Mid-West Marko sued Raymond H. Petereit and Michael White for a debt incurred by White before he sold the assets and inventory of the Cinderella Company. Mid-West Marko took an interlocutory default judgment against White, and its suit against the appellants was submitted on agreed facts. The trial court's conclusions of law state that Petereit is liable for the debt under § 6.106 of the Code. Mr. Petereit's appeal seeks an interpretation of § 6.106 and of the liability it imposes on the transferee in a bulk sales transaction.

The parties agreed that Mid-West Marko sold goods valued at $296.66 to White while he was doing business as the Cinderella Co. Later, on December 13, 1974, he sold all of the company's assets to Petereit, who paid $7,000 for them. A proper list of creditors and a schedule of property sold were prepared. The schedule was filed in the Harris County Clerk's Office and the list of credi-tors was preserved by Petereit for six months after the transfer, in compliance with § 6.104 of the Code. The parties agreed that it is not now known whether Mid-West Marko's claim was included on the list of creditors. Mid-West Marko was notified of the transfer at least ten days before December 13, as required by Sections 6.105 and 6.107 of the Code, but filed no claim on Petereit within thirty days after notice of the transfer, and it was never paid. It filed suit before the running of the six-month statute of limitation provided in § 6.111 of the Code.

The appellant argues that Section 6.106 of the Texas Business and Commerce Code does not impose personal liability on the transferee in a bulk sales transaction who has complied with the other sections of Chapter 6 of the Code. We do not agree with that position, but we hold that Mid-West Marko has not shown itself entitled to relief under Section 6.106.

Section 6.106 of the Code provides that in addition to the requirements of Sections 6.104 and 6.105,

(1) Upon every bulk transfer subject to this chapter for which new consideration becomes payable except those made by sale at auction it is the duty of the transferee to assure that such consideration is applied so far as necessary *to pay those debts of the transferor which are either shown on the list furnished by the transferor* (Section 6.104) *or filed in writing in the place stated in the notice* (Section 6.107) *within thirty days after the mailing of such notice.* This duty of the transferee runs to all the holders of such debts, and may be enforced by any of them for the benefit of all. (emphasis added).

(2) If any of said debts are in dispute the necessary sum may be withheld from distribution until the dispute is settled or adjudicated.

(3) If the consideration payable is not enough to pay all of the said debts in full distribution shall be made pro rata.

Section 6.106 "requires the bulk transferee to assure that the new consideration payable under the bulk transfer is paid pro rata to those creditors of the transferor shown in the transferor's list or to those creditors who file their claim within thirty days." Ruud, *The Texas Legislative History of the Uniform Commercial Code*, 44 Texas Law Review 597 (1966). Mid-West Marko, the plaintiff-appellee in our case, did not establish that its name was "shown on the list furnished by the transferor" or that its claim was "filed in writing . . . within thirty days after the mailing of such notice", so it did not show that Section 6.106 is applicable.

The appellant says the trial court erred in interpreting Section 6.106 to hold personally liable a transferee who without culpability paid consideration to his transferor in reliance on the silence and inaction of the transferor's creditor. We sustain this point.

The trial court's judgment is reversed and judgment is rendered that the plaintiff take nothing.